**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                    No. CIV-07-0354 BB/RHS
                                             CR-06-541 BB

JULIAN CHAVES-MENDOZA,

       Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

       This matter is before the Court sua sponte for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 41) filed April 11, 2007.  *See* 28 U.S.C. § 2255 R. 4(b).  By plea agreement, Defendant pled guilty to an indictment charging him with re-entry of a deported alien previously convicted of an aggravated felony under 8 U.S.C. § 1326(a)(1), (2), and (b)(2).  In his § 2255 motion Defendant asserts four claims of unlawful sentence.  He alleges that shorter sentences have been imposed for similar offenses, the Court improperly applied the sentencing guidelines after *United States v. Booker*, 543 U.S. 220 (2005), sentencing factors were not properly considered, and the Court could have imposed a non-guidelines sentence.

       Defendant's first claim does not provide a basis for relief.  Even assuming that other defendants have received lower sentences for the same underlying offense, the sentencing guidelines are intended to equalize sentences on a national level, and disparities among individual defendants

are not grounds for a downward departure. *See United States v. Blackwell*, 127 F.3d 947, 951-52 (10th Cir. 1997); *United States v. Love*, 17 F. App'x 942, 948-49 (10th Cir. 2001).

Defendant's allegations in Claim II do not state a claim for relief under the decision in *Booker*. The *Booker* decision rendered the guidelines advisory rather than mandatory, *see Booker*, 543 U.S. at 245, and the Judgment here (CR Doc. 40) clearly indicates that the Court applied the guidelines in an advisory manner. As to Defendant's third and fourth claims, the Judgment indicates that the Court properly considered applicable sentencing factors, *see United States v. Jarrillo-Luna*, 478 F.3d 1226, 1229 (10th Cir. 2007) (discussing district court's statement of reasons for sentence), and imposed a sentence within the applicable advisory guidelines range, *see United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006) (discussing reasonableness standards). Defendant is not entitled to relief, *see* rule 4(b), and the Court will dismiss the § 2255 motion.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 41), filed April 11, 2007, is DISMISSED with prejudice; and judgment will be entered.

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE